MANOEL A. LARANJEIRAS *vs.* VIRGINIA V. LARANJEIRAS.

MAY 22, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is an action of trespass and ejectment. In the superior court, at the conclusion of all the evidence, the trial justice denied the plaintiff's motion for a directed verdict and directed the jury to return a verdict for the defendant.   The case is before us upon the plaintiff's excep-

tions to each of these rulings and to another ruling, excluding certain evidence.

From the evidence and the pleadings the following facts appear. The plaintiff and defendant were married on August 18, 1917, and from this union was born a child, who lived for thirteen months. During this marriage the wife became seized of certain real estate, which was described in the writ. It consisted of two lots of land on which were located a three-room cottage and garage. On December 13, 1938, in the superior court, the defendant's petition for an absolute divorce was denied and the plaintiff's cross-petition was granted for fault on the part of the wife. Final decree therein was accordingly entered in that court on March 29, 1940.

Shortly before entry of such decree the plaintiff filed in the divorce case a motion praying that "a life estate in the above described real estate be set aside to him, in accordance with Section 6 of Chapter 416 of the General Laws of 1938". This motion was denied by a justice of the superior court on March 29, 1940 "purely on the ground of jurisdiction and not expressing any opinion upon the question as to whether title has or has not passed under the statute." That ruling was never brought to this court for review.

Thereafter the plaintiff, claiming a life estate in the defendant's real estate, caused her to be served personally with a written notice to vacate the premises in question on a date named therein. Following the defendant's failure to vacate the premises in accordance with this notice, plaintiff brought the present action in the district court. A decision for defendant was entered there, and the plaintiff duly appealed to the superior court where, as stated, the case was tried and resulted in a verdict for the defendant by direction of the court.

The plaintiff contends that, upon mere entry of the final decree of absolute divorce for fault on the part of the wife, a vested life estate in her real property was

immediately created for his benefit,· by virtue of ·general laws 1938, chapter 416, § 6; that such estate was madé, by statute, equivalent to an estate by curtesy consummate which carried with it the right of immediate and exclusive possession of these premises; and that the trial justice therefore erred both in denying plaintiff's motion for a directed verdict and in granting the defendant's motion for a directed verdict.

On the other hand, the defendant first questions whether the plaintiff was entitled to any estate whatever in these premises, in view of the legal effect of chap. 417, § 1, relating to the right of a married woman to hold property free of her husband's control, coupled with the entry of a final decree, which dissolved the bonds of marriage; and secondly she contends that, even if the plaintiff has a vested life estate in these premises, it is not the conventional life estate nor one that is equal to an estate by curtesy consummate; but that it is created solely by operation of chap. 416, § 6, which makes the right to immediate enjoyment and exclusive possession subject to an express condition precedent. In other words, defendant contends that unless and until some court of competent jurisdiction first determines what, if any, "allowance" should be made and charged on the husband's life estate, as the court in the peculiar circumstances of the case may deem just and proper, the life tenant cannot be entitled to immediate and exclusive possession of her property.

The decisive question here is whether the plaintiff has shown a right to immediate and exclusive possession of the premises in question. His claim is premised entirely on the provisions of chap. 416, § 6, which reads: "Whenever a divorce is granted for fault on the part of the wife, the husband, if he be entitled to curtesy-initiate, shall have a life-estate in all the lands of the wife as if the wife were dead, but subject to such allowance to the wife, to be charged on such life-estate, as the court in the peculiar circumstances of the case may deem just and proper."

4

In the existing circumstances, we need not consider what legal effect, if any, chap. 417, § 1 has upon the statute here; nor what estate the legislature actually intended by chap. 416, § 6. For our purpose, we may assume, without deciding, that the statute created in the plaintiff, upon the entry of final decree of absolute divorce for fault on the part of the wife, a vested life estate in the premises in question. It does not follow necessarily from this, however, that plaintiff was thereby, without more, entitled to immediate and exclusive possession thereof, as if it were an estate by curtesy consummate.

The sentence which purports to create the life estate has two related parts and both should be given reasonable effect. The first portion thereof expressly provides that a husband, under the circumstances therein stated, will have a life estate in all the lands of the wife as if the wife were dead. But the sentence does not end there, as the plaintiff's contention would have it. Rather it continues with the second portion whereby that life estate is made subject to an express condition. Read as a whole, we think that any life estate in the lands of his wife, thus provided for an innocent husband, was plainly subject to a condition precedent, at least as to the right of immediate enjoyment and exclusive possession. If that be so, a court of competent jurisdiction should first determine what, if any, allowance to the wife would be deemed just and proper, in the peculiar circumstances of each case, before the life tenant would be entitled to immediate and exclusive possession. This conclusion is strengthened when we keep in mind that the lands being dealt with by this statute are those owned by the wife and not by the husband. Moreover, no case in this state has been submitted by the plaintiff to support his extreme contention, and we have found none, although the statute is an old one.

The plaintiff further contends that, at most, the life estate was subject only to a possible money "allowance", in the nature of a mere charge or equitable lien upon the

life estate, which would not impair his right to immediate and exclusive possession. A sufficient answer to this contention is that the language of the statute does not restrict any "allowance" to mere money payment but expressly gives to the court, "in the peculiar circumstances of the case", the right to determine what allowance would be just and proper. Upon our assumption, such an allowance might take the form of money payment, if the language be literally interpreted; but nothing therein would preclude an order granting the wife the right to occupy the whole or part of her own realty, *before* the plaintiff's right to exclusive possession thereof would mature.

In the instant case there is no evidence that any court had determined the merits of what, if any, allowance was just and proper in the peculiar circumstances of this case and, if so, what form it would take. Therefore, even if the plaintiff had a vested life estate by operation of law, he was not, in our opinion, entitled to immediate and exclusive possession upon the mere entry of the final decree of divorce. It is significant that plaintiff apparently so construed the statute when he filed, in the divorce case, a motion to have a life estate set aside to him before he gave defendant a notice to vacate the premises in question.

Under all the circumstances we are of the opinion that the trial justice was not in error in denying the plaintiff's motion for a directed verdict, and in granting the motion of the defendant for a directed verdict in her favor. This conclusion makes it unnecessary to consider the only other exception that was briefed and argued.

All of the exceptions of the plaintiff are overruled and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Kirshenbaum & Kirshenbaum,* for plaintiff.

*Frank H. Bellin,* for defendant.